## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**WARREN C. REAVIS**                                                                 **PETITIONER**

**VERSUS**                                           **CIVIL ACTION NO. 1:10cv310-LG-RHW**

**STEVEN RADER** and **JIM HOOD**                                      **RESPONDENTS**

### REPORT AND RECOMMENDATIONS

Before the Court are [1] the petition for writ of habeas corpus filed July 9, 2010 by

Warren C. Reavis ("Petitioner") pursuant to 28 U.S.C. § 2254, [9] Respondents' motion to

dismiss the petition for failure to state a claim upon which relief can be granted, and [10]

Petitioner's October 11, 2010, response to the motion to dismiss.  Also before the Court are

Petitioner's [13] motion for summary judgment,[1] and [16] motion to withdraw his petition for

writ of habeas corpus.  Upon review and consideration of the pleadings, records on file, and

relevant legal authority, the undersigned United States Magistrate Judge is of the opinion that the

petition for federal habeas relief should be dismissed.

### FACTS AND PROCEDURAL HISTORY

Warren C. Reavis is currently incarcerated in the custody of Warden Steve Rader at

Dixon Correctional Institute in Jackson, Louisiana.  [9, p.1]  While serving his sentence in

Louisiana, Reavis was indicted on February 21, 2008 for motor vehicle theft and felony eluding

charges in Pearl River County, Mississippi.  [9, p.1]  Since he was serving time on his Louisiana

conviction, he did not appear at a July 2008 hearing on the Mississippi charges.  [1, p.1]  The

Pearl River County Sheriff's Department requested that a detainer be placed on Reavis, and as of

---

[1]This motion seeks only a ruling, and bears no resemblance to a true motion for summary judgment.

the date he filed this petition, Reavis had not yet been brought to trial on the Pearl River County

charges.  [9, p.2]

On August 13, 2009, Reavis filed in the Circuit Court of Pearl River County, Mississippi,

a motion " to run detainer concurrent with time serving through a fast and speedy trial,

constitutional amendments 5 and 6".  [1, p.2]  On October 30, 2009, that Court denied the motion

based on Reavis' failure to appear in the Pearl River County Circuit Court [1, p.2], stating:

> Unless and until the defendant avails himself to the personal jurisdiction of this
> court, this court is without the authority to remove any detainers or hold placed
> upon the defendant; or prosecute defendant for the charges pending against him.

 [1, p.2]  On December 21, 2009, Reavis filed a Petition for writ of mandamus with the

Mississippi Supreme Court regarding the Pearl River County charges.  The mandamus petition

was dismissed as moot by the Mississippi Supreme Court on February 4, 2010.  [9, p.5]

On April 12, 2010, Reavis filed a "Writ of judicial review, in accordance with U.S.

Const. Amend. 6" in the Mississippi Supreme Court, asking that court to order the Pearl River

Circuit Court to set his trial date or dismiss the charges against him.  [9, p.5]  The Mississippi

Supreme Court dismissed petitioner's motion on April 13, 2010.  [9, p.5]

Reavis filed the instant federal habeas petition on July 9, 2010, seeking to have the Pearl

River County charges against him dismissed.  [1, p.1, 6]   According to the records custodian at

the Louisiana Department of Corrections, petitioner's earliest possible release date for his current

Louisiana burglary conviction would be November 21, 2011.[2]  [9, p.5]  According to Reavis'

motion to withdraw his petition for federal habeas relief, the Pearl River County charges were

resolved by his entry of a guilty plea to a misdemeanor charge on March 29, 2011.  [16]  In the

motion to withdraw, Reavis asks the Court to accept the Pearl River County order of conviction

---

[2]Reavis states in [13] his "motion for summary judgment" that the release date is now August 11, 2011.

attached to motion [16], "and order the respondents to remove the detainer from his record at

Dixion (*sic*) Correctional Inst, also to close this habeas corpus out in this Honorable Court."

## LAW AND ANALYSIS

Although Reavis filed the instant petition pursuant to 28 U.S.C. § 2254, at the time of

filing he was actually a pretrial detainee with respect to his Mississippi charges, so his petition

for federal habeas relief as to those charges is a pretrial petition for habeas corpus governed by 28

U.S.C. § 2241.  The requirements for relief under this section are that the petitioner be in custody

and that the custody be "in violation of the Constitution or laws or treaties of the United States."

28 U.S.C. § 2241(c)(3).  Additionally, state court remedies must first be exhausted, at least in the

absence of "special circumstances."  *Dickerson v. Louisiana*, 816 F.2d 220 (5th Cir.1987).

Section 2241 gives federal courts jurisdiction to consider pre-trial habeas corpus petitions, but

federal courts should abstain from exercising that jurisdiction if the issues raised in the petition

may be resolved by trial on the merits in the state court or by other state procedures available to

the petitioner.  *Dickerson*, 816 F.2d at 225.  State courts should be allowed to initially address

constitutional issues and process criminal cases without undue federal interference; federal

habeas proceedings are not to be used to "abort a state proceeding or to disrupt the orderly

functioning of state judicial processes."  *Brown v. Estelle*, 530 F.2d 1280, 1282-1283 (5th Cir.

1976)(citing *Braden v. 30th Judicial Circuit Court of Kentucky*,  410 U.S. 484, 489 (1983).

A "federal court may generally consider a habeas petition for pretrial relief from a state

court only when the accused *does not* seek a dismissal of the state court charges pending against

him."  *Greer v. St. Tammany Parish Jail*, 693 F.Supp. 502, 508 (E.D. La. 1988) (emphasis

added).  It is clear from his petition that Reavis *does* seek dismissal of his Mississippi state court

charges.  Federal habeas relief is unavailable to abort the criminal proceedings against Reavis in

Mississippi.  His claim that he is entitled to relief under the Interstate Agreement on Detainers

Act (IAD) also fails because Mississippi has not adopted the IAD.  *Smothers v. State*, 741 So.2d

205, 206 (Miss. 1999); *Gardner v. State*, 2011 WL 88090 (Miss. App. 3/15/2011).  Finally,

Reavis has presented evidence that he has now pled guilty to the Mississippi charges, and has

moved to withdraw his habeas petition, albeit with some conditions.[3]

## RECOMMENDATION

Based upon the foregoing, it is the opinion of the undersigned United States Magistrate

Judge that the Respondents' motion to dismiss should be granted, thereby rendering moot

Petitioner's motions for summary judgment and to withdraw his petition.  The undersigned

recommends that the petition for writ of habeas corpus filed by Warren C. Reavis be dismissed.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3), *Local Uniform Civil Rules of the United States District Courts

for the Northern District of Mississippi and the Southern District of Mississippi*, any party who

objects to this Report and Recommendation must, within fourteen (14) days after being served a

copy of the Report and Recommendation file with the Clerk of this Court his written objections

to the Report and Recommendation, and must serve them upon the other parties and submit them

to the assigned District Judge.  Within seven (7) days of service of the objection, the opposing

party or parties must either serve and file a response or notify the District Judge that they do not

intent to respond to the objection.   An objecting party must specifically identify those findings,

conclusions, and recommendations to which he objects; the District Court need not consider

frivolous, conclusive, or general objections.  A party who fails to file written objections to the

---

[3]Reavis also asks the Court to "order respondents ... to remove the detainer from [his] record at Dixion (*sic*) Correctional Inst...." [16, p. 2]

proposed findings, conclusions, and recommendations within fourteen (14) days of being served

a copy shall be barred, except upon grounds of plain error, from attacking on appeal any

proposed factual finding or legal conclusion accepted by the District Court to which he did not

object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir.

1996).

Signed this the 25th day of April, 2011.

/s/ *Robert H. Walker*

ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE